Alejandro MENDEZ-MADERO, Petitioner,

v.

Loretta E. LYNCH, Attorney General, Respondent.

No. 15-71135

United States Court of Appeals, Ninth Circuit.

Submitted December 14, 2016 *

Filed December 19, 2016

Gary Finn, Law Offices of Gary Finn, Indio, CA, for Petitioner

Regina Byrd, Esquire, Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Alejandro Mendez-Madero, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order sustaining the Department of Homeland Security's appeal from an immigration judge's decision granting cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo constitutional claims and questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Because Mendez-Madero was found removable under 8 U.S.C. § 1227(a)(2)(B)(i) based on his conviction for an offense relating to a controlled substance, our jurisdiction is limited to colorable constitutional claims or questions of law. *See* 8 U.S.C. § 1252(a)(2)(C)–(D); *Cheuk Fung S–Yong v. Holder*, 600 F.3d 1028, 1033 (9th Cir. 2010) (8 U.S.C. § 1252(a)(2)(C) restricts review of final orders of removal based on certain enumerated crimes, including controlled substance offenses, but the court retains jurisdiction where the petition raises constitutional claims or questions of law).

Mendez-Madero has not established a due process violation, where the BIA did not err in declining to consider new evidence Mendez-Madero submitted with his brief on appeal. *See* 8 C.F.R. § 1003.1(d)(3)(iv) ("[T]he Board will not engage in factfinding in the course of deciding appeals."); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice); *cf. Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012)

("Where the BIA fails to follow its own regulations and makes factual findings, it commits an error of law...." (quotation marks and citation omitted)).

Mendez-Madero's contention that the BIA failed to address rehabilitation as a factor in its decision is not supported by the record.

Mendez-Madero does not raise any other colorable claim that would invoke our jurisdiction. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provid-

Matthew B. George, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.